**IT IS ORDERED as set forth below:**



**Date: April 17, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-55053-WLH |
| EDDIE YEHESKEL FRANCIS, | CHAPTER 11 |
| Debtor. | |

### ORDER DISMISSING CASE

**THIS MATTER** is before the Court on Ellen Curiel Strauss ("Ms. Strauss")'s Motion for Appointment of Chapter 11 Trustee or, Alternatively, For Conversion of Case to Chapter 7 (Doc. No. 231) and the Debtor's Motion to Dismiss Case (Doc. No. 232). The Court held a hearing on the motions on April 15, 2019. Debtor, Debtor's counsel Jeffrey Bashuk, Ms. Strauss and her counsel, John Rezac, counsel for the United States Trustee Thomas Dworschak, counsel for the Internal Revenue Service ("IRS") Andres H. Sandoval, and counsel for the Georgia Department of Revenue Brooke E. Heinz were present.

1

Mr. Rezac announced Ms. Strauss no longer sought to appoint a chapter 11 trustee. Rather, Ms. Strauss requested the case be converted to one under chapter 7. Ms. Strauss argued that dismissal of the case would reward the Debtor who she claims engaged in questionable pre- and post-bankruptcy conduct while enjoying the protections of bankruptcy for over three years. She acknowledged that a chapter 7 trustee would be time-barred from pursuing claims arising from pre-petition conduct, but Ms. Strauss believes the Debtor engaged in other questionable conduct in the past two years that a chapter 7 trustee could and should investigate. Specifically, Ms. Strauss contends Debtor breached his fiduciary duty as a debtor in possession by not pursuing certain pre-petition claims. She also alleges a trustee could potentially avoid a $30,000 transfer to Mark Sallee and some or all monthly payments allegedly for rent paid to the Debtor's family members. She was also concerned about the lack of detail of the use of ATM withdrawals.

Debtor argued the case should be dismissed. The Debtor is unemployed and therefore unable to present a confirmable chapter 11 plan. The delay in the case was caused by the parties litigating in state court the amount of the domestic support obligation owed to Ms. Strauss. The Debtor contends Ms. Strauss has adequate state law remedies and he would prefer to attempt to negotiate with his creditors outside of bankruptcy.

Counsel for the United States Trustee recommended dismissal of the case because it has been pending for three years and now essentially boils down to a bitter personal dispute between two parties. The United States Trustee contends converting the case will not serve a bankruptcy purpose and the parties can resolve their issues outside of bankruptcy or with the assistance of the state court.

Mr. Sandoval stated the IRS did not object to conversion, but it preferred dismissal because some of the IRS's debt would be discharged in a chapter 7 case. Mr. Sandoval also noted that if a chapter 7 trustee was successful in collecting assets, the funds would likely all go to pay Ms. Strauss's claim and the IRS would not benefit.

Similarly, the Georgia Department of Revenue did not object to conversion but was in favor of dismissal of the case so it could pursue collection efforts outside of bankruptcy. Ms. Heinz noted that, if the case were converted, the Georgia Department of Revenue's claim would be behind both Ms. Strauss and the IRS in priority and some of its debt would be discharged.

After considering the argument from counsel (the parties did not introduce any evidence in to the record but relied on all matters previously filed), the Court considered whether to dismiss or convert the case pursuant to section 1112(b)(1). The section provides that when a party in interest requests that the court dismiss or convert the case and establishes a basis for cause, the court "shall" convert or dismiss the case, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4), in turn, provides a nonexclusive list of items that constitute cause including a debtor's failure to confirm a plan within a reasonable time and a debtor's inability to effectuate a plan of reorganization. 11 U.S.C. § 1112(b)(4)(J) & (b)(4)(M); Synovus Bank v. Brooks (In re Brooks), 488 B.R. 483, 489 (Bankr. N.D. Ga. 2013) (finding the debtor's failure to file a chapter 11 plan within a reasonable time and inability to effectuate a confirmable plan of reorganization constituted cause for dismissal or conversion pursuant to section 1112(b)(1)). The Debtor concedes he is currently unemployed and unable to propose a confirmable plan and, therefore, there is cause for conversion or dismissal. The question is whether conversion or dismissal is in the best interest of creditors and the estate.

3

This case presents a close call. On the one hand, the Debtor voluntarily filed bankruptcy and he has enjoyed the protection that bankruptcy affords for over three years. On the other hand, the nearly three-year delay since filing is not due to the fault of any party – there was a legitimate dispute about how much the Debtor owed Ms. Strauss and the parties spent considerable time litigating the matter in state court and waiting for the state court to issue an order. Nevertheless, because of the length of time the case has been pending, the time to pursue pre-petition transfers has passed and the time in which a trustee could seek to recover some post-petition transfers pursuant to section 549 has also passed.

If the case were converted, a chapter 7 trustee could investigate certain transfers, including the approximately $1,200 a month for rent paid by the Debtor post-petition and $30,000 paid by the Debtor to Mr. Sallee, but any investigation is not likely to result in a large recovery and therefore would not likely benefit any of the Debtor's creditors; even Ms. Strauss would have little to gain. Conversely, Ms. Strauss has ample remedies in state court, including the ability under Georgia law to pursue fraudulent conveyances made within the last four years and to garnish the Debtor's wages or bank accounts. The Debtor's other creditors including the IRS and Georgia Department of Revenue did not object to conversion of the case, but conversion is not in their best interest as some of their debts would be subject to discharge.

Considering all of the interests of the parties presented, it appears dismissal is in the best interests of creditors and the estate.

## I.    CONCLUSION

For the reasons stated above and on the record at the hearing on April 15, 2019, which the Court incorporates herein and reserves the right to supplement,

**IT IS ORDERED** that Debtor's Motion to Dismiss Case is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Ms. Strauss' Motion for Appointment of Chapter 11 Trustee or, Alternatively, For Conversion of Case to Chapter 7 is **DENIED.**

**IT IS FURTHER ORDERED** that the above-styled case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to deliver the funds currently held in the registry of the Court totaling $7,605.00 to Ms. Strauss, in care of her attorney Mr. Rezac.

## END OF DOCUMENT

**Distribution List**

Eddie Yeheskel Francis
5005 Odins Way
Marietta, GA 30068

Jeffrey Alan Bashuk
Bashuk & Glickman
Suite 181
2897 N. Druid Hills Road
Atlanta, GA 30329

Thomas Wayne Dworschak
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303

Ellen Curiel Strauss
729 Amsterdam Ave
Atlanta, GA 30306

John K. Rezac
Taylor English Duma LLP
1600 Parkwood Circle
Suite 400
Atlanta, GA 30339

Brooke E. Heinz
The Office of the Attorney General
40 Capitol Square, SW

Atlanta, GA 30334-1300

Andres H. Sandoval
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303

All creditors on the case mailing matrix.